IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF DAVID MINKO, by
Kris J. Minko, its personal representative,

                Plaintiff,                      ORDER

    v.
                                            14-cv-210-wmc

JANET L. HEINS, individually and
JANET L. HEINS, d/b/a HEINS LAW
OFFICE LLC, n/k/a HEINS & MINKO LLC,

                Defendants.

---

Before the court is plaintiff's motion to stay briefing on defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and to transfer pending a decision on plaintiff's motion for remand. (Dkt. #12.) The court previously stayed briefing on the parties' other motions pending defendants' response to plaintiff's motion to stay. (Dkt. #13.) Having now considered defendants' opposition and plaintiff's reply to that motion (dkt. ##14, 15), the court will: (1) grant the motion in part by staying further briefing on defendants' motion to transfer and defendants' motion to dismiss plaintiff's claims for unauthorized use and misappropriation of name and good will; and (2) deny the motion in part by requiring completion of briefing on defendants' motion to dismiss plaintiff's claims for breach of contract and breach of fiduciary duty. Accordingly, defendants' opposition to plaintiff's motion to remand will remain due on April 29, 2014, and plaintiff's reply, if any, is due on May 9, 2014; and plaintiff's opposition to defendants' motion to dismiss the breach of contract and breach of fiduciary duty claims is now due on April 29, 2014, with any reply from defendants due on May 9, 2014.

In its motion to stay, the Estate argues persuasively that the court should -- and, indeed, must -- take up plaintiff's motion to remand for lack of subject matter jurisdiction before deciding the issues raised in defendants' motions. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 622 (7th Cir. 2013) ("Before we can address any of the district court's later merits-based decisions, we must first review the district court's earlier denial of GE Betz's motion to remand, as this motion questioned the basis for subject-matter jurisdiction in federal court.").[1]  Of course, requiring briefing on defendants' motions would not compel the court to *decide* those motions before the motion to remand.  Unlike most motions to stay, however, there are strong reasons here to stay briefing on issues raised in the other motions that are not related to the claimed basis for this court's subject matter jurisdiction.  A cursory review of defendants' motion to dismiss reveals that defendants' sole basis for removal is the assertion that some of plaintiff's claims are governed by ERISA.  As such, it makes sense for the court to consider *both* whether ERISA governs any of these claims and, if so, whether plaintiff can proceed past the pleading stage on such a claim.  If plaintiff is not asserting any claims governed by ERISA *or* has no viable claim under ERISA, then remand is appropriate without reaching the merits of plaintiff's state law claims.  *See Groce v. Eli Lilly & Co.*, 193

---

[1] In *Lister v. Stark*, 890 F.2d 941 (7th Cir. 1989) -- the one case cited by defendants in opposition to this straightforward proposition -- the Seventh Circuit affirmed a district court's grant of defendant's motion to dismiss *and* denial of plaintiff's motion to remand issued in the same opinion, but did not address whether the district court was required to consider those motions in any particular order.  Still, the correct order is elementary:  if the district court *had* determined that it lacked subject matter jurisdiction, and granted plaintiff's motion to remand, *any* other decision by that court, certainly including a motion to dismiss, would be null and void.  *See Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013) ("The district court's failure to address jurisdiction before addressing the merits constituted error.").

F.3d 496, 501 (7th Cir. 1999) ("The usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

As for the motion to transfer this case to the Eastern District of Wisconsin, it has been already transferred *from* that district, making a transfer back unlikely at best. Even assuming defendants' argument to transfer for ease of the parties or witnesses had merit, this court must take up subject matter jurisdiction first. As such, briefing the merits of the motion to remand before the motion to transfer would also appear the best use of the parties' and the court's time and efforts.

Accordingly,

IT IS ORDERED that:

1) plaintiff's motion to stay briefing on defendants' motion to transfer and motion to dismiss (dkt. #12) is GRANTED IN PART AND DENIED IN PART. Further briefing is STAYED on defendants' motion to dismiss plaintiff's claims for unauthorized use and misappropriation of name and good will, as well as defendants' motion to transfer. Briefing will continue on defendants' motion to dismiss plaintiff's breach of contract and breach of fiduciary duty claims. The court will reset briefing on the motion to dismiss plaintiff's misappropriation of name claim and motion to transfer pending a decision on plaintiff's motion to remand;

2) defendants' opposition to plaintiff's motion to remand remains due on April 29, 2014, and any reply also remains due on or before May 9, 2014. Plaintiff's opposition to defendants' motion to dismiss plaintiff's breach of contract and breach of fiduciary duty claims in now due on April 29, 2014, with any reply from defendants due on May 9, 2014.

Entered this 18th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge