IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF DAVID MINKO, by
Kris J. Minko, its personal representative,

                           Plaintiff,

      v.

JANET L. HEINS, individually and
JANET L. HEINS, d/b/a HEINS LAW
OFFICE LLC, n/k/a HEINS & MINKO LLC,

                       Defendants.

OPINION AND ORDER

14-cv-210-wmc

---

       Plaintiff Estate of David Minko brought this action in state court, asserting several state law claims against defendants Janet L. Heins and Heins & Minko LLC (f/k/a Heins Law Office LLC).   Defendants removed this action on the basis of federal question jurisdiction, asserting that two of plaintiff's claims -- a breach of contract claim and a breach of fiduciary duty claim -- are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*   Before the court now is plaintiff's motion to remand this action to state court, as well as two motions by defendants -- one to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and one to transfer venue to the Eastern District of Wisconsin.   Because the court finds that plaintiff's claims are not preempted by ERISA, the court lacks subject matter jurisdiction and will therefore grant plaintiff's motion to remand.   Accordingly, defendants' remaining motions are moot.

BACKGROUND

Plaintiff the Estate of David Minko filed the present action in Dane County Circuit Court against defendants Janet L. Heins and Heins Law Office LLC (now known as Heins & Minko LLC).[1]   Material to the present motions, the complaint alleges that beginning on or about May 26, 2013, Minko was employed as a lawyer with defendant Heins and the law firm Heins Law Office, LLC or Heins & Minko, LLC.   A memorandum setting forth the terms of Minko's employment, listed "[f]irm payment of $100,000 life insurance policy" as one of the benefits.   (Compl., Ex. A (dkt. #3-1) pp.12.)   Minko tragically died in a motor vehicle accident approximately two and half months later on August 15, 2013.   Shortly after Minko's death, the Estate contacted Heins and the law firm regarding the life insurance proceeds, and were informed that Heins "had not yet even made contact with an insurance agent, and, therefore, had not procured a policy of term life insurance" at the time of Minko's death.   (*Id.*, Ex. C (dkt. #3-1) p.14.)

The complaint asserts the following causes of action: (1) breach of contract for "failure to obtain life insurance as promised and required as part of the compensation and consideration of David Minko's employment;" (2) breach of fiduciary duty based on defendants' "failure to make effort and follow through to obtain the subject life insurance policy;" (3) unauthorized use and misappropriation of the name and good will of David

---

[1]  The  court need not change the caption in light of its decision to remand the case, but the court notes that a limited liability company is a separate legal entity and, therefore, an individual cannot "do business as" a separate legal entity.  The court, therefore, construes plaintiffs' complaint as asserting claims against Janet L. Heins and the law firm Heins & Minko LLC, formerly known as Heins Law Office LLC.

Minko; and (4) injunctive relief enjoining the use of Minko's name, likeness or good will. (Compl. (dkt. #3-1).)[2]

Defendants timely removed the present action to this court on March 18, 2014, invoking 28 U.S.C. § 1331 on the basis that the complaint asserts a claim for benefits under ERISA. (Not. of Removal (dkt. #3).) Defendant Heins submitted a declaration in opposition to plaintiff's motion to remand, representing that: (1) the offer of life insurance is part of a plan with the State Bar of Wisconsin Group Life Insurance Plan; and (2) as the plan applies to Heins & Minko, it is brokered through Bultman & Associates, Inc., and insured through The Prudential Insurance Company of America. (Declaration of Janet L. Heins ("Heins Decl.") (dkt. #22) ¶ 8.) Heins further avers that: (3) the firm began offering a $100,000 life insurance plan to every attorney employee in or around September 1998; and (4) since that day, six attorney-employees have availed themselves of the plan. (*Id.* at ¶¶ 9, 13.)

OPINION

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a

---

[2] The last two claims go to plaintiff's allegations that defendants continue to use David Minko's name and good will after his death.

preponderance of the evidence." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 553 F.3d 542, 547 (7th Cir. 1998) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F. 3d 536, 543 (7th Cir. 2006)).

Defendants purport to remove based on this court's federal question jurisdiction, construing plaintiff's breach of contract and breach of fiduciary duties as claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). "The ERISA civil enforcement mechanism is one of those provisions of such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)); *see also Franciscan Skemp Healthcare, Inc. v. C. States Joint Bd. Of Health* & *Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) (describing complete preemption under ERISA as a jurisdiction doctrine).

Plaintiff seeks remand arguing that none of its claims are preempted by ERISA. In its opening brief, plaintiff primarily argues that defendant cannot even meet the threshold requirement for preemption because there is no "ERISA-governed plan" involved in this case. *See UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steelworkers of Am.*, 998 F.2d 509, 510 n.2 (7th Cir. 1993) ("[T]he existence of an 'ERISA-governed plan' is an essential precursor to federal jurisdiction."). To qualify as a benefit plan subject to ERISA, there must be (1) a "plan, fund or program," (2) that is "established or maintained" by the employer, (3) "by an employer," (4) for the purpose of providing certain benefits (including death benefits), (5) to "participants and their

4

beneficiaries." 29 U.S.C. § 1002(1); *see also Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 730 (7th Cir. 2005) (describing elements of ERISA welfare plan).  In response, defendants submitted evidence -- largely through the sworn testimony of defendant Heins with plan documents attached -- demonstrating that Heins and her law firm established a life insurance plan in 1998, and have maintained it since, for the purpose of providing life insurance proceeds to attorney employees and their beneficiaries.  (Heins Decl. (dkt. #22) ¶¶ 8, 9, 13.)[3]  *See also Bland v. Fiatallis N. Am., Inc.*, 401 F.3d 779, 783 (7th Cir. 2005) (recognizing life insurance as a welfare benefit plan under ERISA).  In its reply, plaintiff stops short of fully conceding this point, but still acknowledges that the plan "arguably" exists.  (Pl.'s Reply in Supp. of Remand (dkt. #24) 2.)[4]

Still, plaintiff persists that the breach of contract and breach of fiduciary duty claims are not ERISA claims because plaintiff is not seeking to enforce the terms of the plan itself.  Rather, plaintiff asserts that all of its claims are based on independent state law obligations.  In *Davila*, the Court defined a two-part test to determine whether a state law claim is completely preempted by ERISA:  (1) the plaintiff "could have brought [its] claim under ERISA § 502(a)(1)(B)," *and* (2) "there is no other independent legal duty that is implicated by a defendant's actions."  *Davila*, 542 U.S. at 210.  If these two

---

[3] Heins also avers that the plan is "fully funded by the general funds of the firm and not by deductions from attorney-employee paychecks," (Heins Decl. (dkt. #22) ¶ 14), making inapplicable the regulatory exception for pure insurance products from third parties.  *See* 29 C.F.R. § 2510.3-1(j).

[4] Defendants correctly point out that they need not have included this evidentiary support in their original notice of removal.  *See* 28 U.S.C. § 1446(a) (providing that the notice of removal need only "contain[] a short and plain statement of the grounds for removal," mirroring the language in Rule 8(a)).

conditions are met, then the claim is "completely pre-empted by ERISA § 502(a)(1)(B)." *Id*.

In light of the posture of this case, it is difficult to conceive of how the Estate could bring a claim under § 502(a)(1) to enforce its rights under the plan. While ERISA defines "participant" to include individuals who are *or may be eligible* for a benefit under a plan, 29 U.S.C. § 1002(7), Minko's eligibility necessarily ended with his death. Ironically, in their motion to dismiss, defendants rely on the fact that Minko failed to apply for a policy to argue that any ERISA claim should be dismissed, without recognizing that this argument similarly supports a finding that plaintiff could not have brought a claim under ERISA § 502(a)(1)(B). Regardless, there is no dispute that life insurance was *not* obtained before Minko's death and, therefore, he is not (nor obviously will he ever be) eligible for a benefit under an ERISA-governed plan.

Even if Minko's past eligibility to join a plan would somehow extend to his Estate, and, in turn, his right to bring a claim for benefits under ERISA, the second element of the *Davila* preemption test -- that there is no independent legal obligation -- is not met here. In the complaint, plaintiff alleges that: (1) defendants breached its employment contract with David Minko by failing to obtain a life insurance policy; and (2) defendant Heins individually breached her fiduciary duties by failing to make an effort to follow through to obtain the subject life insurance policy timely. The complaint does not, therefore, seek to enforce the terms of an ERISA plan. *Cf. McDonald v. Household Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005) (describing the complaint as "focus[ing] on the defendants' failure to give McDonald the benefit under the medical plan that he had

been promised").[5]   Defendants characterize plaintiff's claim to the contrary, asserting that "the Estate seeks a payout of the Life Insurance Policy."  (Def.'s Reply to Mot. to Dismiss (dkt. #23) 5.)   But this characterization is bellied by the allegations in the complaint itself.[6]

Moreover, plaintiff's claims do not turn on interpretation of the plan terms. Rather, plaintiff's state law claims depend on the terms of the employment contract and defendants' arguable obligations under that contract or other fiduciary obligations.  *See Segerberg v. Pipe Fitters' Welfare Fund, Local 597*, 918 F. Supp. 2d 780 (N.D. Ill. 2013) (describing second prong of *Davila* test as determining "whether interpretation of the terms of the benefit plan forms an essential part of the plaintiff's state law claim").  As plead, defendants' contractual and fiduciary obligations to Minko flow from the employment contract, which lists life insurance as one benefit of employment.  While defendants may well have intended that benefit to be provided by the life insurance plan, whether this was implicit in the parties' contract is for a state court to decide.  *See Franciscan Skemp Healthcare*, 538 F.3d at 597 (rejecting ERISA complete preemption argument where plaintiff's "claims arise not from the plan or its terms, but from the alleged oral representations made by [defendant] to [plaintiff]"); *Gardner v. Heartland*

---

[5] *McDonald* also is distinguishable because the court's analysis appears to stop at the first prong of the *Davila* test, not reaching -- presumably because plaintiff did not raise -- whether a separate legal obligation implicated defendants' actions.

[6] Should plaintiff attempt to assert that Heins' alleged fiduciary duty arose out of her position as the administrator of an ERISA plan, then perhaps federal jurisdiction could lie, but plaintiff has completely disavowed this claim, arguing that the duty arises out of a fiduciary relationship recognized by state common law.  (Pl.'s Opp'n to Mot. to Dismiss (dkt. #18) 11 n.4.)

*Indus. Partners, LP*, 715 F.3d 609, 614-15 (6th Cir. 2013) (holding that tortious interference claim did not satisfy the second element of *Davila* where the duty implicated by the claim did was "not derived from, or conditioned upon, the terms of an ERISA plan"); *Stevenson v. Bank of N.Y. Co.*, 609 F.3d 56, 60-61 (2d Cir. 2010) (rejecting complete preemption argument where "defendants' asserted liability . . . does not derive[] from the particular rights and obligations established by [any] benefit plan[]" (internal citation and quotation marks omitted)); *Kolbe & Kolbe Millwork Co., Inc. v. UMR, Inc.*, No. 13-cv-584-bbc, 2013 WL 6885126, at *5 (W.D. Wis. Dec. 31, 2013) (granting plaintiff's motion to remand, in part, because defendant's obligations "flow[ed] directly from the administrative services agreement and not the plan").

Finally, the fact that the complaint references the amount of the promised policy -- $100,000 -- does not convert what are essentially state law contract and breach of fiduciary duty claims into one for benefits under the plan.  As the Seventh Circuit explained in *Franciscan Skemp Healthcare*, references to coverage under the plan "are solely for the purpose of identifying a damages amount; they do not convert the claims into ones for plan benefits."  538 F.3d at 598.


ORDER

IT IS ORDERED that:

1) plaintiff Estate of David Minko's motion to remand (dkt. #10) is GRANTED;

2) defendants' motion to transfer venue (dkt. #7), motion to dismiss (dkt. #8) and motion to stay proceedings (dkt. #31) are all DENIED AS MOOT; and

8

3) the clerk of court is directed to remand this case to the Dane County Circuit
   Court.

Entered this 27th day of February, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge